■ ANTOINETTE K. JACOBS et al., Appellants, v. FLORA R. AND ISIDOR M. STETTENHEIM FOUNDATION, INC., Respondent.— Order entered on January 7, 1960 granting defendant's motion for summary judgment under rule 113 of the Rules of Civil Practice, and judgment entered thereon, unanimously reversed, on the law, with costs to plaintiffs-appellants, and defendant's motion for summary judgment denied, with $10 costs, with leave, however, to defendant-respondent to renew its motion for summary judgment, if it is so advised, after the completion of pretrial proceedings. There are issues of fact which appear to require exploration, at least at the pretrial level. There is sufficient documentation, coupled with candid concessions by defendant's directors lending support to the thesis that one of the objects of the founder and the moving spirits in defendant corporation was to provide for his relatives. Whether such object was to be limited by the stated corporate purposes of defendant, or by tax eligibility, or whether the stated corporate purposes were solely designed to secure tax exemption without subordination of such object, is not established as a matter of law on this record. Nor is it established at this time, as a matter of law, that if a trust was created it was lacking in sufficient definiteness as to fund or designation of beneficiaries. Similarly, it is not clear whether the original fund of defendant, or subsequent gifts to defendant by the founder were conditioned on benefiting his relatives. If so, the claim of *ultra vires* and the character of defendant's stated corporate purposes may not suffice to defeat plaintiffs' claims, because the fund or gifts before or at the time they vested in defendant would have been subjected to the trust purpose. This, like the other issues, is a mixed question of law and fact not determinable on this record. Quite different, of course, would be the situation if the claim and fact is that defendant corporation alone created the alleged trust. In that event, the defense of *ultra vires* is crucial, and may be determinative. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.

■ RICHARD D. ROSENBLATT et al., Respondents, v. RICHARD FIRESTONE, Appellant. RICHARD M. FIRESTONE, Appellant, v. ATWOOD A. KLINGER et al., Respondents.— Order and judgment unanimously modified on the law, to delete therefrom all of the ordering and adjudicating paragraphs excepting only the final paragraphs thereof, with costs to appellant, and plaintiffs' motion for summary judgment denied, with $10 costs. It appears from the record that there exist issues of fact which may only be resolved at a trial. The affirmance of the order insofar as it denies defendant's cross motion is without prejudice to an application by plaintiffs Rosenblatt and Klinger for a stay of the action brought by Firestone against them pending the trial of the action by Rosenblatt and Klinger. Settle order on notice. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ. Motion for a stay dismissed, having become academic by virtue of the decision of this court herein. Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ.